UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

    Plaintiff,

    v.

**EDWARD J. HOLLAND, JR., EDWARD HOLLAND, L.P., THE ROYAL BANK OF SCOTLAND, PLC, FREDERICK PATMON, and PEGGY YOUNG, as the personal representative of the Estate of Hallison H. Young,**

    Defendants.
_____/

CIVIL ACTION NO. 13-cv-10082

DISTRICT JUDGE MARIANNE O. BATTANI

MAGISTRATE JUDGE MONA K. MAJZOUB

### OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PROTECTIVE ORDER [212]

This matter comes before the Court on Plaintiff United States of America's Motion for Protective Order Quashing The Royal Bank of Scotland, plc's Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6). (Docket no. 212.) Defendants Frederick Patmon and The Royal Bank of Scotland (RBS) filed Responses to Plaintiff's Motion (docket nos. 216 and 217); Defendants Edward Holland, L.P. (EHLP) and Edward J. Holland Jr. concur with Defendant RBS's Response (docket no. 222). Plaintiff replied to Defendants' Responses. (Docket no. 220.) The Motion has been referred to the undersigned for consideration. (Docket no. 214.) The Court has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

I.  **BACKGROUND**

Plaintiff initiated this action on January 9, 2013, in an effort to collect from Defendant Holland alleged unpaid federal income tax liabilities for the tax years 1991-94, 1996-2004, 2006, and 2008-12 totaling more than 19 million dollars.  (Docket no. 1; docket no. 30 ¶ 9.)  In the Second Amended Complaint, Plaintiff alleges that in 1965 and 1996, Defendant Holland, a songwriter, entered into contracts with Jobete Music Company, Inc. and Broadcast Music, Inc. (BMI), respectively, through which they would pay him royalties in connection with certain musical compositions that he had written or co-written.  (Docket no. 30 ¶¶ 11-14.)  According to Plaintiff, Defendant Holland created Defendant EHLP in May of 1998, and then in June of 1998, he transferred his rights to receive payments under the royalty contracts to EHLP in exchange for the proceeds of a 15 million dollar loan that EHLP had borrowed from Bankers Trust Company net of approximately 1.6 million dollars in payments made to the United States Treasury for certain unpaid tax liabilities.  (*Id*. ¶¶ 18, 21, 23.)  Plaintiff alleges that Defendant Holland's actions were part of a scheme to monetize a substantial portion of the royalty contracts for his own personal benefit to fund his lifestyle while hindering his creditors and avoiding the collection of most of his federal tax obligations.  (*Id*. ¶¶ 20, 26.)  It is Plaintiff's position that Defendant EHLP is the alter ego or special nominee of Defendant Holland and therefore the tax liens associated with Defendant Holland's tax liabilities have attached to property held by Defendant EHLP, including the rights under the royalty contracts, and that those liens are superior to any claims or interests that Defendants may have in the property.  (*Id*. ¶¶ 36, 37.)

Plaintiff named RBS as a defendant in this action "because it has, or may claim, an interest in the subject property to which the United States' tax liens have attached."  (Docket no. 30 ¶ 4.)  In fact, Defendant RBS asserts that in 2005, it entered into a loan transaction with

Defendant EHLP through which it issued an interest-bearing loan to EHLP in exchange for the rights to royalty payments under contracts with BMI and EMI Music Publishing (EMI). (Docket no. 217 at 6.) Defendant RBS further asserts that Plaintiff attempted to levy BMI and EMI's royalty payments to RBS, which levies BMI and EMI rightfully rejected, but upon the commencement of this action, they were forced to place the royalty payments in escrow. (*Id*.)

On September 20, 2016, approximately one month before the close of discovery, Defendant RBS served a Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) on Plaintiff. (Docket no. 212-1.) The Notice indicates that Plaintiff's designated representative(s) should be prepared to testify regarding the following topics:

1. Any and all factual allegations set forth in the Second Amended Complaint or the Answer.

2. Any and all factual allegations set forth in the Plaintiff's Response to Defendant and Counter/Cross Plaintiff Frederick A. Patmon's First Set of Interrogatories.

3. Mr. Holland's tax assessments, notices, and liens for the tax years 1986 through 2012.

4. The current balance of monies allegedly owed by Mr. Holland and/or EHLP to the Plaintiff for the tax years 1986 through 2012.

5. Any discussions, conversations, communications, or negotiations between the Plaintiff, including without limitation any Assistant United States Attorneys, revenue officers, or revenue agents, and Mr. Holland and/or EHLP, including without limitation any individuals acting upon Mr. Holland and/or EHLP's behalf, concerning Mr. Holland or EHLP's tax liabilities for the tax years 1986 through 2012.

6. The Plaintiff's allegations that several individuals and companies were alter egos, nominees, and/or fraudulent transferees of Mr. Holland, including without limitation EHLP, Craig Holland, Lauren M. Holland, Margaret E. Jones, Shirley Washington, Gardar Enterprises, Inc., Gold Forever Music, Inc., Edward Holland 2005 Irrevocable Trust, and Edward Holland Royalty Venture I SPC, Inc.

7. The July 17, 1998 letter from Revenue Officer Victor B. Jackson to Ted Chung, Bates numbered USA-0019911, including the facts and circumstances surrounding this letter and its content.

8. The Plaintiff's knowledge or awareness of the 1998 securitization transaction by EHLP and Bankers Trust.

9. The Plaintiff's knowledge or awareness of the 2005 and/or 2007 loan transactions by EHLP and RBS.

10. The Plaintiff's allegations that Mr. Holland caused significant delays and failed to cooperate in numerous tax audits.

11. The facts and circumstances surrounding the Plaintiff's issuances of various Certificates of Release of Federal Tax Lien, including without limitation those certificates found at Bates numbers USA-0058706 to USA-0058708.

12. The facts alleged in the various "Edward J. Holland Timelines" found at Bates numbers USA-0027264 to USA-0027371.

13. Any discussions, conversations, communications, or negotiations between the Plaintiff, including without limitation any revenue officers or revenue agents, and EMI and/or BMI, concerning Mr. Holland or EHLP's tax liabilities for the tax years 1986 through 2012.

14. Any tax levies issued to EMI and/or BMI, concerning Mr. Holland or EHLP's tax liabilities for the tax years 1986 through 2012.

(*Id*. at 2-4.) Plaintiff objected to these topics on various bases, and through further correspondence, Defendant RBS agreed to withdraw Topic nos. 3, 4, and 12, and narrow the scope of Topic nos. 13 and 14 if Plaintiff provided responsive written information in lieu of deposition testimony.[1] (Docket no. 212 at 4; docket no. 212-2; docket no. 212-3.) The remaining topics, including Topic nos. 13 and 14 as narrowed, are the subject of Plaintiff's instant Motion for Protective Order through which Plaintiff seeks a court order quashing the Notice of Deposition in its entirety. (Docket no. 212.) In the Motion, Plaintiff argues that any benefit that may be realized by Defendant RBS in taking Plaintiff's deposition on the disputed topics would be significantly outweighed by the burden and expense incurred by Plaintiff in

---

[1] Defendant produced this information to Plaintiff on October 28, 2016. (Docket no. 217 at 9; docket no. 217-4.)

producing a representative for deposition where (1) Topic nos. 1, 2, 6, 10, 13, and 14 "seek information regarding [Plaintiff's] factual and legal contentions, essentially calling for a deposition of [Plaintiff's] trial counsel that would invade attorney work product, be unduly burdensome, and be duplicative of the interrogatory responses;" and (2) Topic nos. 5, 7, 8, 9, and 11 "either seek irrelevant information, go beyond what is reasonably available to the government, cover ground that has been fully disclosed in [Plaintiff's] document production, and/or concern [Plaintiff's] claims against Mr. Holland that RBS has no standing to challenge." (*Id*. at 5.) Defendant RBS responds that Plaintiff has failed to show good cause for the issuance of its requested protective order. (Docket no. 217.)

## II. GOVERNING LAW

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad. *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998).

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

But the scope of discovery is not unlimited. "District courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007). A district court must limit the frequency or extent of discovery if it determines

that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or that it exceeds the scope of discovery permitted by Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C).

Rule 26(c) allows the court to issue protective orders for good cause shown to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including forbidding the disclosure or discovery or limiting the disclosure or discovery to certain matters. Fed. R. Civ. P. 26(c). The party seeking a protective order has the burden of showing that good cause exists for the order. *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001). To show good cause, the movant must articulate specific facts showing "clearly defined and serious injury resulting from the discovery sought and cannot rely on mere conclusory statements." *Id*. (citations and internal quotation marks omitted).

Under Federal Rule of Civil Procedure 30(b)(6), "a party may name as [a] deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). An organization that is served with a Rule 30(b)(6) deposition notice is obligated to produce one or more witnesses knowledgeable about the subjects described in the notice and prepare the witness(es) to testify, not simply to his or her own knowledge, but "about information known or reasonably available to the organization." *Id*. "When a corporation produces [a witness] pursuant to a rule 30(b)(6) notice, it represents that the [witness] has the authority to speak on behalf of the corporation with respect to the areas within the notice of deposition." *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006) (citations omitted). If a Rule 30(b)(6) deponent is unprepared to answer questions regarding the topics in the deposition notice, it is as if the witness failed to appear for the deposition at all, and sanctions

may be appropriate under Fed. R. Civ. P 37(d). *Newfrey LLC v. Burnex Corp.*, No. 07-13029, 2009 WL 3698548, at *2 (E.D. Mich. Nov. 5, 2009) (citing *Resolution Trust Corp. v. Southern Union Co.*, 985 F.2d 196, 197 (5th Cir. 1993)).

## III. ANALYSIS

### A. Topic Nos. 1, 2, 6, 10, 13, 14

Plaintiff moves for a protective order regarding Topic nos. 1, 2, 6, 10, and 13-14, asserting that the topics "seek information regarding [Plaintiff's] factual and legal contentions, essentially calling for a deposition of [Plaintiff's] trial counsel that would invade attorney work product, be unduly burdensome, and be duplicative of the interrogatory responses." (Docket no. 212 at 5.) Defendant RBS contends that it has not noticed the deposition of Plaintiff's trial attorney or any other attorney, and it is not interested in questioning Plaintiff regarding attorney work product. (Docket no. 217 at 12.) Defendant RBS further contends that it is "merely seeking the testimony of a representative or representatives of the Government who are capable of answering questions about the factual allegations in the Second Amended Complaint, RBS's Answer, and Plaintiff['s Responses to] Frederick A. Patmon's First Set of Interrogatories." (*Id.*) Defendant RBS also states that it seeks to "question the Government as to the factual support for the claims made in its pleadings and responses to interrogatories, including any ambiguities, inconsistencies, or misstatements of facts therein." (*Id.*)

Topic nos. 1, 2, 6, 10, 13, and 14 seek deposition testimony regarding:

1. Any and all factual allegations set forth in the Second Amended Complaint or the Answer.

2. Any and all factual allegations set forth in the Plaintiff's Response to Defendant and Counter/Cross Plaintiff Frederick A. Patmon's First Set of Interrogatories.

6. The Plaintiff's allegations that several individuals and companies were alter egos, nominees, and/or fraudulent transferees of Mr. Holland, including without limitation EHLP, Craig Holland, Lauren M. Holland, Margaret E. Jones, Shirley Washington, Gardar Enterprises, Inc., Gold Forever Music, Inc., Edward Holland 2005 Irrevocable Trust, and Edward Holland Royalty Venture I SPC, Inc.

10. The Plaintiff's allegations that Mr. Holland caused significant delays and failed to cooperate in numerous tax audits.

13. Any discussions, conversations, communications, or negotiations between the Plaintiff, including without limitation any revenue officers or revenue agents, and EMI and/or BMI, concerning Mr. Holland or EHLP's tax liabilities for the tax years 1986 through 2012.

14. Any tax levies issued to EMI and/or BMI, concerning Mr. Holland or EHLP's tax liabilities for the tax years 1986 through 2012.

(Docket no. 212 at 2-4.)

Topic nos. 6 and 10 refer to factual allegations that Plaintiff made in its Response to Defendant Patmon's interrogatories and are therefore duplicative of Topic no. 2. Thus, although the Court has considered the parties' arguments regarding these two topics, it will not engage in an independent discussion of those arguments. Topic nos. 13 and 14 have been narrowed by Defendant RBS to the production of certain documents that have since been produced by Plaintiff and "testimony on the facts and circumstances surrounding the limited communications between the Government and EMI and BMI identified at USA-0005829 to USA-0005884 and USA-0049322 to USA-0049323." (Docket no. 212-3 at 1.) Although the scope of Topic nos. 13 and 14 has been narrowed, Plaintiff still seeks a protective order regarding the deposition testimony on these topics by informing that the cited documents are letters from the attorneys of EMI and BMI challenging the IRS's legal authority to attach Defendant Holland's royalty stream, and asserting that any discussion of those letters would invariably converge with a discussion of Plaintiff's legal position in this case. (Docket no. 212 at 14-15.)

Having considered the parties' arguments regarding Topic nos. 1, 2, 6, 10, 13, and 14, the Court finds that Defendant RBS is entitled to conduct discovery, including a Rule 30(b)(6) deposition, to explore and test the factual bases of the allegations set forth by Plaintiff in the Second Amended Complaint, as well as any facts that Plaintiff set forth and therefore placed at issue in responding to Defendant Patmon's interrogatories. *See Smith v. Gen. Mills, Inc.*, No. C2 04-705, 2006 WL 7276959, at *3 (S.D. Ohio Apr. 13, 2006) ("[N]umerous courts have ruled that a Rule 30(b)(6) notice of deposition that seeks the factual bases for another party's claims or defenses is proper.") (citing cases); *Phoenix Life Ins. Co. v. Raider-Dennis Agency, Inc.*, No. 07-cv-15324, 2010 WL 4901181, at *3 (E.D. Mich. Nov. 24, 2010) (allowing Rule 30(b)(6) deposition testimony regarding factual basis of answers to interrogatories to go forward). Accordingly, the Court does not find Topic nos. 1, 2, 6, and 10 to be improper, or particularly burdensome or duplicative. It is unclear, however, why Defendant RBS would need to test or examine the facts that it set forth in its own Answer, and the Court will grant Plaintiff's Motion with regard to this portion of Topic no. 1.

Additionally, the Court is not persuaded by Plaintiff's arguments that a deposition on the disputed topics would necessarily require the testimony of trial counsel or "invade attorney work product." While Defendant RBS could have framed the deposition topics more precisely, the Court will not quash the deposition notice on this basis. In fact, Plaintiff's counsel indicated that Plaintiff's responses to Defendant Patmon's interrogatories were prepared based on information held by agents and/or employees of the United States. (Docket no. 212-4 at 37.) Presumably, one or more of these agents and/or employees would be an appropriate Rule 30(b)(6) witness. Furthermore, Plaintiff's blanket assertion of privilege at this juncture is premature. *See E.E.O.C. v. Kaplan Higher Educ. Corp.*, No. 1:10 CV 2882, 2011 WL 2115878, at *3 (N.D. Ohio May 27,

2011) (citing *United States v. Hodgson*, 492 F.2d 1175, 1177 (10th Cir. 1974) (holding that assertions of privilege must generally be raised "as to each record sought and each question asked so that at the enforcement hearing the court can rule with specificity.")). Should a deposition question arise to which a response would require legal analysis or the disclosure of otherwise privileged information, Plaintiff may object to the question and instruct the deponent not to answer in accordance with Federal Rule of Civil Procedure 30(c)(2). Accordingly, the Court will order Plaintiff to designate one or more representatives to testify regarding Topic nos. 1, 2, 6, 10, and 13-14 as narrowed, except for the portion of Topic no. 1 that seeks testimony regarding Defendant RBS's Answer.

    **B.    Topic No. 5**

Topic no. 5 requests that Plaintiff produce a corporate representative to testify regarding:

> Any discussions, conversations, communications, or negotiations between the Plaintiff, including without limitation any Assistant United States Attorneys, revenue officers, or revenue agents, and Mr. Holland and/or EHLP, including without limitation any individuals acting upon Mr. Holland and/or EHLP's behalf, concerning Mr. Holland or EHLP's tax liabilities for the tax years 1986 through 2012.

(Docket no. 212-1 at 3.) Plaintiff argues that this topic is facially unreasonable and overbroad, and the Court agrees. It is unrealistic to expect a Rule 30(b)(6) witness to have the capacity to testify as to *any* communication that has taken place *from 1986 to present day* between *any* employee or agent of the United States of America and Defendant Holland, Defendant EHLP, and/or their agents or representatives regarding *27 years* of Defendant Holland's or Defendant EHLP's tax liabilities. Similarly, it is highly improbable that the indiscernible breadth of the information subject to testimony would be reasonably available to Plaintiff such that it could prepare a Rule 30(b)(6) witness to testify on such matters. Topic no. 5 does not comply with the "reasonable particularity" requirement of Rule 30(b)(6), and the burden of this far-reaching topic

far outweighs its likely benefit. Accordingly, the Court will grant Plaintiff's Motion for Protective Order in this regard.

### C. Topic Nos. 7-9

Topic nos. 7, 8, and 9 seek the following deposition testimony:

7. The July 17, 1998 letter from Revenue Officer Victor B. Jackson to Ted Chung, Bates numbered USA-0019911, including the facts and circumstances surrounding this letter and its content.

8. The Plaintiff's knowledge or awareness of the 1998 securitization transaction by EHLP and Bankers Trust.

9. The Plaintiff's knowledge or awareness of the 2005 and/or 2007 loan transactions by EHLP and RBS.

(Docket no. 212-1 at 3.)

With regard to Topic no. 7, Plaintiff informs that neither Mr. Jackson nor any of the other IRS personnel that used to work on Defendant Holland's case is still employed by the IRS. (Docket no. 212 at 17.) Plaintiff also informs that none of those currently employed by the IRS has any personal knowledge of the letter, and none of the IRS's files appears to offer a definitive explanation regarding the letter's content. (*Id.*) Plaintiff asserts that any testimony regarding this topic would therefore be speculative. (*Id.*) Assuming Plaintiff's assertions to be true, Plaintiff's Rule 30(b)(6) witness may testify in this manner on the record at the deposition. Plaintiff's Motion for Protective Order is denied with regard to Topic no. 7.

Plaintiff's Motion with regard to Topic nos. 8 and 9 faces a similar result. In its supporting brief, Plaintiff asserts that through these topics, Defendant RBS is seemingly seeking information regarding Plaintiff's *contemporaneous* knowledge of the cited transactions. (Docket no. 212 at 18.) Plaintiff argues that it cannot reasonably be expected to prepare a witness to testify as to whether it had contemporaneous knowledge of the transactions because none of the

IRS personnel who worked on Defendant Holland's case at the time of the transactions is still employed by the IRS, and none of the files that they left behind indicates that Plaintiff had contemporaneous knowledge or awareness of the transactions. (*Id.*) Accordingly, Plaintiff argues that, like Topic no. 7, a witness will not be able to definitively testify regarding Topic nos. 8 and 9 "because of the impossibility of proving a negative." (*Id.*)

Plaintiff further argues that any evidence of its contemporaneous knowledge of the transactions is irrelevant because it would not equitably estop the government from now collecting against the proceeds of Defendant Holland's royalty payment rights. (Docket no. 212 at 19.) Plaintiff then proceeds to argue the merit of Defendant RBS's affirmative equitable estoppel defense. (*Id.*) But the merit of Defendant RBS's equitable estoppel defense is not ripe for determination at the discovery stage of the litigation. Defendant RBS is entitled to conduct discovery regarding its equitable estoppel defense, and to the extent Plaintiff is unable to provide any definitive testimony regarding Topic nos. 8 and 9, its representative may testify as such at the deposition. Plaintiff's Motion is denied in this regard.

### D. Topic No. 11

Topic no. 11 seeks testimony regarding "[t]he facts and circumstances surrounding the Plaintiff's issuances of various Certificates of Release of Federal Tax Lien, including without limitation those certificates found at Bates numbers USA-0058706 to USA-0058708." (Docket no. 212-1 at 4.) Upon initial review, the Court finds that this topic is overly broad as written, as it refers to "various," unspecified certificates and is therefore unlimited in time and scope. Accordingly, the Court will grant Plaintiff's Motion for Protective Order with regard to the portion of this topic that seeks deposition testimony on "various" certificates and will limit any questions or testimony on Topic no. 11 to the three certificates cited therein.

Plaintiff asserts that the three certificates are irrelevant because they do not pertain to the tax liability that it is attempting to collect through this action. (Docket no. 212 at 20.) Defendant RBS responds that the facts and circumstances surrounding the issuance of the certificates are relevant to the extent that they show that all of Defendant Holland's then-existing tax liens were satisfied in conjunction with the closing of the 1998 transaction(s) among Defendant Holland, EHLP, and Bankers Trust Company. (Docket no. 217 at 30.) Defendant continues that this information is clearly relevant because it undermines Plaintiff's contentions in the Second Amended Complaint that Defendant Holland schemed to hinder his creditors and avoid his tax obligations through the 1998 transaction(s). (*Id*.; *see* docket no. 30 ¶¶ 20-31.) In reply, Plaintiff argues that despite the legal significance of the information sought through Topic no. 11, any deposition on the topic would be duplicative, and its value to Defendant RBS would not outweigh the burden to Plaintiff because Plaintiff has already produced the certificates to RBS, and there is no further information to be gleaned from a deposition on the documents. (Docket no. 212 at 21; docket no. 220 at 10.)

The Court finds that the information sought through Topic no. 11 regarding the three certificates produced by Plaintiff is relevant to Plaintiff's claims in this matter. And to the extent that Plaintiff, as it claims, has no further information to provide regarding the certificates other than the information on the face of the documents, Plaintiff's Rule 30(b)(6) witness may state so on the record at the deposition, which such simple testimony should not be as burdensome as Plaintiff suggests. The Court will therefore deny Plaintiff's Motion for Protective Order with regard to the portion of Topic no. 11 that seeks testimony regarding the three Certificates of Release of Federal Tax Lien at Bates numbers USA-0058706 to USA-0058708.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Protective Order Quashing The Royal Bank of Scotland, plc's Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) [212] is **GRANTED IN PART** and **DENIED IN PART** as set forth in detail above.

**IT IS FURTHER ORDERED**, in accordance with District Judge Marianne O. Battani's March 27, 2017 Order (docket no. 258), that Plaintiff and Defendant RBS will proceed with the deposition at a mutually convenient time and place, to be completed within forty-five (45) days of this Opinion and Order.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: April 13, 2017            s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon counsel of record on this date.

Dated: April 13, 2017            s/ Lisa C. Bartlett
                                 Case Manager